IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMES SAGE,

           Plaintiff,　　　　　　　　　　　　　　　　　　　ORDER

v.

                                                  22-cv-736-wmc

WISCONSIN CENTRAL, LTD., d/b/a "CN",

           Defendant.
_____

       Plaintiff has moved to compel defendant to disclose Matthew Turner's investigative materials and the surveillance videos recorded by defendant after plaintiff filed his injury claim. Dkts. 16-18. Defendant opposes the motion on procedural and substantive grounds. Dkts. 24-26. I am denying plaintiff's motion with qualifications that might require disclosure by the end of May.

       Starting with the procedural objection, defendant is correct that plaintiff should have met-and-conferred after defendant amended its privilege log to delete the entry for a non-existent 48-hour report. This would have assured plaintiff that there is no such document and that defendant no longer was asserting the privilege of "self-critical analysis." But this would not have entirely mooted plaintiff's motion, so the court will address the merits:

       This FELA lawsuit arises out of a shoulder injury that plaintiff suffered when he slipped and fell at work on January 5, 2020. Defendant has a policy (instituted on the advice of in-house counsel) that employee accidents will be investigated by defendant's risk mitigation officers, who then report their findings to in-house counsel and to their superiors in defendant's Risk Management Office. Matthew Turner was the risk mitigation officer who investigated plaintiff's injury and then reported what he had learned to his superiors and to in-house counsel.[1] What Turner reported then was passed to outside counsel retained to defend this lawsuit. All of this was done at the direction of in-house counsel in anticipation of litigation. As a result, Turner's materials are presumptively protected from disclosure by F.R. Civ. Pro. 26(b)(3)(A). Because plaintiff has not shown a substantial need for these materials, as is his burden under Rule 26(b)(3)(A)(ii), he is not entitled to discover them.

       If, however, defendant calls Turner as a trial witness, then F.R. Ev. 502(a) provides for the disclosure of Turner's materials if specified criteria are met. *See, e.g., Hale v. State Farm Mutual Auto Ins. Co.*, 2015 WL 13713551 (S.D. Ill. 2015). In this case, it is clear that Rule 502(a)'s criteria would be

---

[1] Turner has since been replaced in this case by Risk Management Officer Lance R. Hunt.

met, so that defendant would be required to disclose Turner's materials upon declaring him as a possible trial witness. This same result would apply if defendant were to call Hunt or some other witness to testify in Turner's place and this testimony relied in some fashion on Turner's materials.

As for the surveillance videos, defendant has disavowed any present intent to use them at trial. Therefore, they are attorney work product that is not discoverable. *See, e.g., Fisher v. Nat'l RR Passenger Corp.,* 152 F.R.D. 145, 151 (S.D. Ind. 1993). The fact that the videos show nothing that defendant deems useful to its case does not make the videos discoverable by plaintiff. If, however, defendant were to decide to offer any of these recordings at trial, then they are discoverable by plaintiff before trial begins. *Id.* at 150. Defendant concedes as much, stating that "if it does decide to use any surveillance it will produce to Plaintiff in accordance with federal rules." Dkt. 24 at 4, n.1, all *sic*.

Discovery already has closed. The parties' submissions for the final pretrial conference are due June 14, 2024. To prevent sandbagging, plaintiff is entitled to know not later than two weeks before motions in limine are due whether defendant intends to call a risk management witness or to offer any of the surveillance videos at trial. Therefore, May 31, 2024 is defendant's deadline (1) to declare whether its witness list will include Turner, Hunt, or any other witness whose testimony derives in any fashion from that witness's review of Turner's materials; and (2) to declare whether any of the surveillance videos will be on its list of potential trial exhibits. If so, then May 31, 2024 also is defendant's disclosure deadline for Turner's materials and/or the surveillance videos. If defendant fails timely to declare and disclose, then it may not use Turner's materials or any of the videos at trial for any purpose, no exceptions.

Entered this 1st day of March, 2024.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge